## York v. Fisher Motors

*Arnold Sousa,* for plaintiff.

*William H. Bayer* and *John Deutsch,* for defendants.

HEIMBACH, P. J., August 19, 1970.—Defendant Fisher Motors' preliminary objection to plaintiff's amended complaint is in the nature of a demurrer. It says:

"1. Demurrer to Plaintiff's Amended Complaint

"1. The Plaintiff's Amended Complaint has been brought in Trespass; the theory of Plaintiff's Amended Complaint is that of fraud and deceit; and the allegations of Plaintiff's Amended Complaint set forth that there was willful, deliberate, false and fraudulent misrepresentation on the part of the defendant, FISHER MOTORS.

"2. Paragraphs six (6) through eight (8), inclusive, of Plaintiff's Amended Complaint, allegedly set forth

the acts or representations of the Defendant, FISHER MOTORS, which were purportedly false and fraudulent; however, these same paragraphs of Plaintiff's Amended Complaint, disclose that the Plaintiff, ROSE YORK, participated in all negotiations with the Defendant, FISHER MOTORS, with full knowledge and understanding of all of the acts and representations of the Defendant, FISHER MOTORS, and that therefore, the acts and representations of the Defendant, FISHER MOTORS, could not possibly have misled the Plaintiff, ROSE YORK, and therefore, could not have been false, fraudulent or deceitful, so far as the Plaintiff, ROSE YORK, is concerned.

"3. Plaintiff's Amended Complaint, fails to state a cause of action against the defendant, FISHER MOTORS."

Summarized, plaintiff in her complaint says she purchased a car from defendant on its assurance to her that a reputable insurance company would insure the car so that financing could be obtained, and pursuant to this promise a car was purchased and financed but subsequently repossessed because of the cancellation of the insurance coverage.

The paragraphs referred to by defendant in its preliminary objection follow:

"6. During the course of the aforesaid negotiations, Defendant, Fisher Motors, was informed that Rose York had no license to drive an automobile, and Joseph York would drive the vehicle, but that Joseph York had been and was then being refused automobile insurance.

"7. Also, during the course of the aforesaid negotiations, Plaintiff and her husband asked that the car to be purchased be financed and were informed by the aforesaid salesman, James Walck, and the partners of Fisher Motors, that Fisher Motors would obtain financing from General Motors Acceptance Corpora-

tion, their principal, but that the said corporation would require the automobile to be insured by a reputable insurance company.

"8. The Plaintiff, at the request of Defendant, Fisher Motors, agreed to become the record owner of the vehicle upon the wilful, deliberate, false and fraudulent misrepresentation that a reputable insurance company would insure the vehicle in the name of Rose York, even though the driver of the vehicle, Joseph York, was unable to obtain insurance or was otherwise uninsurable."

Defendant in its brief correctly states the applicable principle of law as follows:

"Generally, to support action of deceit, Plaintiff must show that representation complained of was untrue; that Defendant knew or should have known when it was made that it was untrue; that it was calculated to induce Plaintiff to act on it, and that, *believing it to be true,* he was induced to act accordingly. Seaboard Sur. Co. v. Permacrete Const. Corp. 221 F. 2d 366."

We must sustain defendant's preliminary objection in the nature of a demurrer to plaintiff's complaint, but not for the reasons set forth in defendant's exception number 2.

The deceit complained of by plaintiff is that she relied on the willful, deliberate, false and fraudulent misrepresentation of defendant that a reputable insurance company would insure the vehicle in the name of plaintiff and, because of such misrepresentation, she purchased the car. In paragraph 11 she states:

"11. Before the first payment came due upon the 1963 Pontiac, Plaintiff was informed by Fisher Motors, its agents, servants or employees, that the insurance upon the automobile in the name of the Plaintiff had been cancelled, and that therefore the contract was

cancelled and the 1963 Pontiac would be repossessed."

Since an insurance policy was procured, albeit later cancelled, there was no misrepresentation that an insurance policy would be obtained. The reason for the policy being cancelled is not averred.

For this sole reason, defendant's preliminary objection in the nature of a demurrer is sustained. It may be that plaintiff will be able to further amend her complaint to overcome this defect. We will give her such an opportunity.

We enter the following

ORDER

Now, to wit, August 20, 1970, defendant Fisher Motor's preliminary objection in the nature of a demurrer is sustained, and plaintiff is given leave to file an amended complaint within 20 days hereafter, on penalty of a judgment being entered for defendant.